UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PEDRO CORTEZ GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-321 |
| | § | |
| CITY OF CORPUS CHRISTI TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Defendants' Motion to Dismiss Plaintiff's §1983 Malicious Prosecution Cause of Action (D.E. 16) and Plaintiff's Partially Unopposed Motion for Leave to File Plaintiff's First Amended Original Complaint ("Motion to Amend") (D.E. 29.) For the reasons stated herein, Plaintiff's Motion to Amend (D.E. 29) is GRANTED. Defendants' Motion to Dismiss Plaintiff's §1983 Malicious Prosecution Cause of Action (D.E. 16) is DENIED AS MOOT without prejudice.

**I. Jurisdiction**

The Court has federal subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 (federal question) because Plaintiff brings suit pursuant to 42 U.S.C. §1983. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**II. Background**

Based on the allegations in Plaintiff Pedro Cortez Gonzalez's original complaint, the facts of the case are as follows:

Around Sept. 5, 2009, Gonzalez was at home when Plaintiff and his father had an argument. Plaintiff contacted emergency dispatch for the Corpus Christi Police Department. When Defendants, Officers Hullum and Freeman, were dispatched the residence, Gonzalez and

his father advised them that they no longer needed police assistance. Plaintiff then made statements questioning whether the officers were truly police officers.

Defendants appeared "visibly agitated" that Gonzalez had wasted their time and had questioned their identify as police officers. To "show how upset he was," Defendant Freeman began barking orders at Gonzalez and then shot Gonzalez with the taser. While Gonzalez lay on the ground, stunned, Freeman cycled the taser again several times. Hullum and Freeman then jumped on top of Gonzalez and placed him in hand restraints. They informed him they were arresting him for public intoxication and resisting arrest, search or transport, even though Defendant was on private property and not drunk in a public place. (D.E. 1, p. 3.)

Defendants then drove Gonzalez to a dark alley behind a local auto parts store. They got out of the car, leaving him in the back seat of the cruiser, and began talking to one another, stating: "which one of us is going to do it?" and "do you want to do it?" They began putting on gloves. They ordered Gonzalez out of the vehicle. Believing he was in danger, Gonzalez refused. Hullum struck Gonzalez across the face with his asp and unleashed a stream of pepper spray into Gonzalez' face. As he gagged and choked Gonzalez, Hullum unleashed another stream. Defendants then dragged Gonzalez out of the car and put an asp under his neck, choking him and then slamming him to the ground. They put a spit bag over his face and placed him in leg shackles. They took turns delivering blows to his head and torso with their fists, feet and flashlights. (D.E. 1, p. 4.)

Defendants soon realized Gonzalez needed medical treatment. Paramedics and other officers arrived on the scene. Hullum and Freeman told paramedics not to treat Gonzalez. With the assistance of unidentified Corpus Christi Police Department officers, Defendants picked him

up and carried him to a transport van, throwing his body into the back of the van. They jumped in and continued to beat him. (D.E. 1, p. 5.)

As a result of these events, Plaintiff alleges, he sustained serious injuries to his head, face and torso.

Subsequently, Defendants charged Gonzalez with resisting arrest, search or transport, and two counts of felony assault causing bodily injury to a police officer. (D.E. 1, p. 5.) The jury acquitted Plaintiff of the two charges of assault. The charge of resisting arrest, search or transport was dismissed by the Nueces County District Attorney's Office. (D.E. 1, p. 5-6.)

In his Complaint, filed with this Court on October 6, 2010, Plaintiff raised the following causes of action against Defendants Hullum and Freeman and against Defendant Corpus Christi: (1) § 1983 Excessive Force; (2) § 1983 Malicious Prosecution; (3) Texas Law Assault and Battery; and (4) Texas Law Malicious Prosecution.

On November 18, 2010, Defendants Hullum and Freeman filed a 12(b)(6) motion to dismiss Plaintiff's claim for malicious prosecution under §1983. (D.E. 16.)

Plaintiff's response to the Motion, filed on December 20, 2010, was not timely. (D.E. 30.) As such, the Motion is deemed unopposed. L.R. 7.4.

Plaintiff has also filed a motion to amend the complaint, withdrawing the term "malicious prosecution" and clarifying that his claims based on Defendants' allegedly false charges against him are based on due process. (D.E. 29.)

### III. Motion to Dismiss Plaintiff's § 1983 Malicious Prosecution Claim

#### A. 12(b)(6) Motion to Dismiss Standard

To survive a Rule 12(b)(6) motion to dismiss, the Intervenors' Intervention Complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

However, the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." Id. at 1949-50.

**B.     Analysis**

Defendants Hullum and Freeman have filed a 12(b)(6) motion to dismiss Plaintiff's claim for malicious prosecution under §1983. Defendants claim that Plaintiff has not stated a claim for malicious prosecution because causing charges to be filed without probable cause does not state a malicious prosecution claim under § 1983. (D.E. 16, p. 1-2) (citing Castellano v. Fragozo, 352 F.3d 939, 953 (5th Cir. 2003)). They also claim that they are immune from civil liability based on any testimony given against Plaintiff at his criminal trial. (D.E. 16, p. 2) (citing Briscoe v. LaHue, 460 US 325 (1983)).

Plaintiff's response to the motion to dismiss is not timely. As such, the motion is deemed unopposed. L.R. 7.4.

**1.     Malicious Prosecution Claims Under §1983**

In Castellano, the Fifth Circuit held that the initiation of criminal proceedings without probable cause does not automatically give rise to a § 1983 claim. 352 F.3d at 353. Rather, a

plaintiff must show that officials violated specific constitutional rights in connection with a "malicious prosecution" in order to trigger the remedies of §1983. The Fifth Circuit stated:

> "[C]ausing charges to be filed without probable cause will not without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim. **It is equally apparent that additional government acts that may attend the initiation of a criminal charge could give rise to claims of constitutional deprivation.**
>
> The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection-the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983. **Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion.**

Id. at 953-54 (emphasis added).

One district court interpreted Castellano as allowing a claim for § 1983 malicious prosecution when a plaintiff brings the claim in the context of an allegedly unreasonable search and seizure and use of excessive force. See Howard v. City of Kerrville, Texas, 2006 WL 1073461 (W.D.Tex., April 17, 2006.) That court stated:

> In Castellano v. Fragazo, the Fifth Circuit held that " 'malicious prosecution' standing alone is no violation of the United States Constitution." 352 F.3d 939, 942 (5th Cir.2004). However, Castellano recognized that the "initiation of criminal charges without probable cause may set in force events the run afoul of explicit constitutional protection." Id. at 953. …[T]he Court does not regard Plaintiff's Complaint as alleging a claim for "malicious prosecution" except to the extent that it may be related to his claims for unreasonable search and seizure and excessive force. Accordingly, the 12(b)(6) motion to dismiss Plaintiff's "malicious prosecution" claim is denied.

Id. at *4.

However, under the language of Castellano, § 1983 claims for malicious prosecution that also implicates excessive force or other constitutional violations "are not claims for malicious prosecution and labeling them as such only invites confusion." Castellano, 352 F.3d at 953-54; see also Deville v. Marcantel, 567 F.3d 156, 169 (5th Cir. 2009) (granting summary judgment on

plaintiff's § 1983 malicious prosecution claim because such claim is not "independently cognizable" in light of the Fifth Circuit's holding in Castellano) (quoting Castellano, 352 F.3d at 953-54)).

### 2. Plaintiff Does Not Have An Independently Cognizable Claim for Malicious Prosecution Under §1983

In this case, Plaintiff's §1983 malicious prosecution claim cannot survive the Fifth Circuit's ruling in Castellano. The allegations that Defendants charged Plaintiff with resisting arrest, search or transport, and two counts of felony assault are not alone enough to support a §1983 malicious prosecution claim, even if Defendants lacked probable cause and even if the charges terminated in Plaintiff's favor. Castellano, 352 F.3d at 953 ("causing charges to be filed without probable cause will not without more violate the Constitution.")

On the other hand, "[t]he initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection – the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued." Id. at 953-54. Here, Plaintiff has shown that the officers' detainment of him, allegedly based on probable cause to arrest him, set in motion additional violations of his rights under the Fourth Amendment. Namely, he was beaten up, seized, detained, and apparently arrested, allegedly in violation of his Fourth Amendment rights.

However, even though Plaintiff's complaint alleges additional Fourth Amendment violations, these should not be labeled claims for "malicious prosecution" brought under §1983. Rather, these constitutional violations should be considered **separate** constitutional deprivations and not "malicious prosecution" claims: "labeling them as such only invites confusion." Castellano, 352 F.3d at 953-54; see also Deville, 567 F.3d at 169 (" 'the initiation of criminal charges without probable cause may set in force events that run afoul of the ... Fourth

Amendment if the accused is seized and arrested ... or other constitutionally secured rights if a case is further pursued.' **However, these 'are not claims for malicious prosecution.' "**) (quoting Castellano.) (emphasis added).

Accordingly, Plaintiff's claim for "§ 1983 malicious prosecution," as presented in the original complaint, cannot stand.

## IV.    Motion to Amend Complaint

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading only with the opposing party's written consent or with the court's leave. The court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Fifth Circuit has repeatedly held that Rule 15(a) evinces a liberal amendment policy." Johnson v. Metabolife Intern., Inc., 2002 WL 32494514, at *4 (N.D. Tex. October 23, 2002) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)) (citing Lowrey v. Texas A & M University System, 117 F.3d 242, 245 (5th Cir.1997); Nance v. Gulf Oil Corporation, 817 F.2d 1176, 1180 (5th Cir.1987); Youmans v. Simon, 791 F.2d 341, 348 (5th Cir.1986)). Thus, "there is a strong presumption in favor of granting leave to amend." Fin. Acquisition Partners LP v. Blackwell, 440 F.3d 278, 291 (5th Cir. 2006).

In his proposed amended complaint, Plaintiff seeks to withdraw use of the term "malicious prosecution" to describe Defendants' § 1983 violation based on the allegedly baseless charges brought against Plaintiff and Defendants' alleged tender of false information concerning said charges to the prosecutor. (D.E. 29.) In the amended complaint, Plaintiff brings what is substantively the same cause of action as in the original complaint, stating that Defendants, "acting under state authority, charged Plaintiff with a felony and/or misdemeanor with no injury to support same and tendered false information concerning said charges to the prosecutor which

leads that person to believe that probable cause existed when there was none." (D.E. 29, Ex. 1, p. 11.)  But Plaintiff newly labels this cause of action "§ 1983 Due Process."

As explained above, in Castellano, the Fifth Circuit indicated that due process violations of the type complained of here would not constitute a "malicious prosecution" claim under § 1983.  Castellano, 352 F.3d at 953-54.  However, the court indicated a Plaintiff might find relief for such claims if brought as free-standing due process violations, rather than as malicious prosecution claims.  Castellano, 352 F.3d at 958.  The Fifth Circuit explained that "the Due Process Clause protects against arbitrary acts of government by promoting fairness in procedure and 'by barring certain government actions regardless of the fairness of the procedures used to implement them.'"  Id. at 958. (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)).  With respect to the plaintiff in that case, the court held that "[t]he manufacturing of evidence and the state's use of that evidence along with perjured testimony to obtain [plaintiff's] wrongful conviction indisputably denied him rights secured by the Due Process Clause.  [Defendants] were not properly dismissed on the basis that no claim was stated, or upon the confusing assertion that the Fourteenth Amendment will not support a claim for 'malicious prosecution[.]'" Id. at 955.

Accordingly, Plaintiff's § 1983 due process claims based on Hullum and Freeman's allegedly baseless charges and alleged provision of false information to the prosecutor, as described in the proposed amended complaint, may go forward. (D.E. 29, Ex. 1, p. 11-12.) Castellano, 352 F.3d at 958.

That being said, the Court finds Hullum and Freeman would be immune from liability based on their allegedly false testimony at Plaintiff's trial.  "Witnesses, including police officers, are … shielded by absolute immunity from liability for their allegedly perjurious testimony."

Enlow v. Tishomingo County, 962 F.2d 501, 511 (5th Cir. 1992) (citing Briscoe v. Lahue, 460 U.S. 325, 335-336 (U.S. 1983)); see also Castellano, 352 F.3d at 958 ("prosecutors and witnesses, including police officers, have absolute immunity for their testimony at trial.")

## V. Motion to Dismiss Denied as Moot

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); see Carroll v. Fort James Corp, 470 F.3d 1171, 1176 (5th Cir. 2006). If an amended complaint does not incorporate the earlier pleading, a court may deny a motion to dismiss that was entered prior to the filing of the amended complaint as moot. See Timberlake v. Synthes Spine, Inc., 2010 U.S. Dist. LEXIS 17440, *10-11 (S.D. Tex. Feb. 25, 2010).

In light of the Court's decision to allow Plaintiff to amend his complaint to re-label his malicious prosecution claim under § 1983 as a free-standing due process violation, Defendant's Motion to Dismiss Plaintiff's §1983 Malicious Prosecution Cause of Action (D.E. 16) is denied as moot without prejudice to re-filing based on the amended complaint. King, 31 F.3d at 346; Timberlake, 2010 U.S. Dist. LEXIS 17440, *10-11.

## VI. Conclusion

For the reasons stated above, Plaintiff's Motion to Amend is GRANTED. (D.E. 29.) Defendants' Motion to Dismiss Plaintiff's §1983 Malicious Prosecution Cause of Action is DENIED AS MOOT without prejudice. (D.E. 16).

SIGNED and ORDERED this 18th day of January, 2011.

_____
Janis Graham Jack
United States District Judge